Good morning. Good morning. For the record, I'm Suzanne Lee Elliott. I'm here, I represent Mr. Borrero. May I please report, counsel? This is an appeal, or this is a petition from a Washington State Supreme Court opinion affirming Mr. Borrero's convictions for first-degree kidnapping and first-degree murder, attempted murder. The Washington State Supreme Court found that under Washington law, an accomplice must have knowledge that his or her actions promote or facilitate the crime for which the person is charged as an accomplice. In Mr. Borrero's case, the Washington State Supreme Court found that the accomplice liability instructions that were given violated this principle and the two previous cases that they had decided. The majority of the Court, however, concluded that the error was harmless. The question was to be given, was there an objection made to this specific language of A and B? No. As I recall from the record, it was not, because at the time that Mr. Borrero was tried, the Washington State Supreme Court, there was considerable confusion about what the theory was for accomplice liability in the State of Washington. And the State argued that essentially the theory of accomplice liability was in for a dime, in for a dollar. In two cases in about 2002, the Court said, no, we reject that theory of accomplice liability. Our Washington pattern jury instructions on that issue are wrong and reverse to death penalty cases. This case came along after that. So if there – if this were a case coming directly from the Snoddy-Habeas case, and there's a failure to object, there would have to be a plain error analysis. How does that fit in here? I don't think it's either – I don't think it's relevant here because the Washington State Supreme Court had been – was not deciding these cases on the basis of whether or not trial counsel had objected because their pattern instructions were wrong, reflected the wrong theory of liability as they later determined in Roberts and Cronin. Could you tell me what his defense was at trial? His defense at trial was, I agreed to steal marijuana from the victim in this case, and I was not there at the time that they attempted to murder him. There was conflicting evidence. What do you mean – what do you mean by that? He was not there when they attempted to – he didn't go with him in the car? Or he wasn't even at the house? He agreed only to steal the marijuana, and he was not present at the time. At the house? At the house. Right. So he was at the – did he testify that he was at the house? I think the evidence is conflicting. He was – he says he wasn't there. That's what I asked you. His defense is he wasn't at the house at all? Right. And then – but the other co-defendants, of course, testified that he was. Well, that's their – that's their story. His story was, I wasn't there at all. Right. I was an accomplice only to the plan to steal the marijuana, an uncharged count. I wasn't involved in any of the process, the robbery, anything. Right. He testified. Well, if they then convict him. That's true. And – but the jury was apparently quite concerned about this issue of accomplice liability because they actually asked a question to the trial judge, which is reflected in our statement of the case. And they said, does this accomplice liability apply to both counts? In other words, can you be an accomplice both to murder and can you also be an accomplice to kidnapping? Right. And the answer is yes, you can. The answer was it applies to both counts. You don't have to be a principal. You can be an accomplice to murder. You can be an accomplice to kidnapping. Yes. The problem in this case and the problem under the theory of in for a dime, in for a dollar was there were a lot of – there was a lot of non-charged criminal conduct here. And he had admitted to being an accomplice to the theft of the marijuana, to being a part of the plan to do that. And so it's our argument here that there's a substantial and injurious effect as a result of the accomplice liability instructions here because they did reflect that in for a dime, in for a dollar theory. And it didn't go to just – it didn't say an accomplice to the charges, the counts of charges. It said an accomplice to the crime. He had admitted to being an accomplice to a crime. The crime, however, was the attempted murder charge. And that's the narrow issue in this case. His argument wasn't based on those technicalities. His argument was I wasn't there at all. That was his defense. And the jury didn't believe that because they did convict him of the robbery, right? They convicted him of both of the charged counts. The attempted kidnapping. I mean, the kidnapping and the robbery. Then they said I don't believe you. I think you were there. So I think that's why the court, Washington court, is saying on his own position it shows it's harmless. How about your response to that? The Washington State Supreme Court. No, no, just stop right there. Before you get to Washington, what's wrong with that argument that they did convict him of the robbery so they believed he was there so there's really no harm? What's your response to that? My response to that is I think that the jury instruction demonstrates that they weren't convinced that he was there. I mean, the jury question reflects that they weren't convinced he was there. Because why would they ask about both counts if they took as true the testimony of all the cooperating co-defendants? Why would it have mattered at all then? Well, they simply asked do you have to be a principal for kidnapping or can you be an accomplice for kidnapping as well as being an accomplice for murder? Well, that's one way to interpret the question asked by the jury, and that's the assumption that the Washington State Supreme Court made. But I don't think that that's necessarily what the jury was asking. Well, they're the Washington Supreme Court. And, well, but in this particular case, in order to demonstrate that the error in the jury instruction here was harmless, they didn't apply, they didn't place the burden on the state, and they didn't find that the error had to be harmless beyond a reasonable doubt. It was a decidedly split court, and that error in the analysis was pointed out by the dissenting judge, Justice Sanders. The state or the government here makes the argument, well, it doesn't really matter. We'll assume that they applied the Chapman harmless error standard and there's still no hurtful injurious effect of the jury instruction. But as Justice Sanders points out, there was a harmful aspect to the A crime, the crime distinction. It harmed Mr. Barrero here in the consideration by the jury. And on that basis, we would say it's an unreasonable application of U.S. Supreme Court precedent or is contrary to the Chapman analysis and asks this Court to reverse. Okay. Thank you very much, Ms. Elliott. Thank you. Good morning. May it please the Court. My name is Alex Faustin, Assistant Attorney General representing Respondent Gary Fleming. Respondent respectfully requests this Court to affirm the district court's denial of Mr. Barrero's habeas corpus petition. Because this is the Anti-Terrorism and Effective Death Penalty Act, a DEPA case, under DEPA's deferential 2254D standard, the state court's adjudication of the claim on the merits was not contrary to or an unreasonable application of clearly established federal law. In Ernie v. Packer, the United States Supreme Court held that for the state court adjudication not to be contrary to or an unreasonable application of clearly established federal law, the state court does not have to cite or even be aware of the United States Supreme Court precedent as long as its findings and reasoning are consistent with that precedent. As the United States Supreme Court held in Lockyer v. Andrade, for the state court decision to fail the deferential 2254D test, it has to be objectively unreasonable. There are several clearly established federal law principles that were announced by the United States Supreme Court that Washington's Supreme Court decision in this case is consistent with. One is Nader v. United States, where the United States Supreme Court held that the jury instructions, misdescriptions, and omissions are subject to harmless error analysis. Boyd v. California held that the instruction must be viewed in the context of the trial and in the context of the overall charge. Was that what they decided, the Washington Supreme Court, that it was harmless? Yes, Your Honor. What do we do with the language they said it was harmless because it did not relieve the state of its burden to prove every element of the crimes charged beyond a reasonable doubt? Your Honor, this is the correct interpretation. The Washington Supreme Court in this case, they didn't specifically say, well, we are applying Chapman v. California standard. And this is Chapman v. California is the standard that's applied to harmless when the court applies harmless error analysis on directive view. And although Washington Supreme Court did not say it was Chapman, if this court looks at the dissent of Justice Sanders' dissent, this is SCR. Wait a minute. Do we have to read the dissent to find out what the majority meant? Well, I think the opposing counsel's position was that it was not entirely clear what standard the majority was applying. Well, let me put a point on it. If they're saying that it's harmless because the state didn't have its burden removed, then they're saying there's no error at all. They're not saying it's harmless. Opposition, Your Honor, is that the Washington Supreme Court properly applied Chapman. And Chapman standard is harmless beyond reasonable doubt. And just because it was not mentioned by the court, it doesn't mean that the court improperly applied the test or applied the improper test. If that was your question. I just don't understand it. I don't understand those words. I can go ahead and jump over it and say what I think harmless means. But I assumed what they were saying was the substitution of A and B doesn't make any difference in this particular case because of the letter that came from the jury and the response and because of the position of the evidence submitted by the defendant and the position taken by the defendant. That part I understand. Exactly, Your Honor. The Supreme Court looked at the instruction in the context. They didn't look at it in artificial isolation. That's correct. Can you explain to me why the judge's answer to the note clears up anything? Excuse me? I don't understand how the jurors know. Can you be an accomplice for kidnapping or does accomplice liability only apply to murder? How does his answer, yeah, you can be an accomplice for both crimes, how does that clear up the problem of the A versus the D? It does clear the problem, Your Honor, because Mr. Barrera was charged with two crimes, kidnapping and attempted murder. And it looks like the jury's response, the jury's question was that they were not entirely sure whether it was applied, the instruction, the erroneous instruction was applied to one count or to both counts. And the judge's response made it crystal clear that it applied to both counts. But if their question was can we hold him as an accomplice to kidnapping and murder based on what happened to the house, and if he answered it however he answered it, you know, that would have explained the instruction. This is simply can you be an accomplice for kidnapping or does the accomplice rule only apply to attempted murder, and he says it applies to both. I mean, I don't understand how it really addresses the point at issue. Well, I think, Your Honor, the opposing counsel position is that Mr. – that the jury was – could find him guilty as an accomplice based on uncharged crimes, and this response indicated that they were only considering the instruction in terms of the charged crimes. And if they even had any doubt when asked this question, the judge's answer clarified that for them. And I think it's – should count it that before giving this clarification, the judge asked both counsel whether they had any objections to this response, and they – both counsel never – Well, it's not an inaccurate answer to the question. My question is whether their question really resolves the problem we deal with now. Oh, I think, Your Honor, it does. I mean, no one says the answer was wrong. It just may be irrelevant to the issue. I think, Your Honor, it does. It does resolve the problem here because it's clear that the jury looked at the only – only at charged crimes. They never considered uncharged crimes. And unlike in many cases where there was an erroneous instruction and it was never corrected, in this case, there is no question that the instruction was erroneous. However, the Supreme Court properly held that the judge's clarification clarified it and the jury proceeded as if the correct instruction was given. The Court properly applied the clearly established Federal law principles in this case It looked – the Washington Supreme Court looked at the instruction in the context. It looked – it attached – it properly attached special significance to the judge's clarification. And by this, it properly applied another clearly established Federal law principle that the jury is presumed to understand the judge's answer to its question. Therefore, under ADIPA's differential 2254D standard, respondent respectfully requests this Court to – to hold that the State Court's adjudication of the claim on the merits was not contrary to or an unreasonable application of clearly established Federal law. Thank you. Thank you. Thank you, Professor. Ms. Elliott, anything else?  Thank you. The case is submitted. Good morning. 0336003, the Apartment Store v. Mount Vernon Fire Insurance Company.
judges: Wallace, Silverman, Paez